FILED 107
Honorable Kaye Steinmetz Representative, District 57 No. 13 Longhenrich Drive Florissant, Missouri 63031
Dear Representative Steinmetz:
I am enclosing Sections 16 and 17 of 11 CSR 70-2.130, Retailers Conduct of Business. The two new sections became a part of such rule on August 11, 1977. I believe that this answers the question contained in your opinion request.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure
Title 11 — DEPARTMENT OF PUBLIC SAFETY
Division 70 — Division of Liquor Control
Chapter 2 — Rules and Regulations
PROPOSED AMENDMENTS
11 CSR 70-2.130 Retailers Conduct of Business. The Division of Liquor Control proposes to amend the rule by adding two new sections, (16) and (17). The new sections establish rules for closing of licensed establishments during special elections.
 PURPOSE: These amendments establish provisions for special elections when an election is held in only a portion of a political subdivision.
11 CSR 70-2.130 Retailers Conduct of Business
(16) Whenever an election is held in only a portion of a political subdivision and a statute requires that licensed premises be closed for a specified period on the day of such election, only licensed premises located within the areas in which the election is held are to be closed for the period specified by the statute.
(17) Whenever an election is held in only a portion of a political subdivision and a statute requires that licensed premises prohibit the consumption of intoxicating liquor on the day of such election, only licensed premises located within the areas in which the election is held are required to prohibit the consumption of intoxicating liquor for the period specified by the statute.
Auth: section 311.660 RSMo. (1969).
 NOTICE TO SUBMIT COMMENTS: Anyone may file a statement in support or in opposition to this proposed rulemaking at the Division of Liquor Control, 505 Missouri Blvd., Jefferson City, Missouri, 65101. To be considered, comments must be received within 30 days after publication of this notice in the Missouri Register. No public hearing is scheduled.
Title 12 — DEPARTMENT OF REVENUE
Division 10 — Director of Revenue
Chapter 3 — State Sales Tax
PROPOSED RESCISSION
12 CSR 10-3.170 Computer Printouts. The director of revenue proposes to rescind this rule.
 PURPOSE: This rule is being rescinded because its wording and phraseology have, in practice, tended more toward creating confusion than providing adequate guidelines.
[12 CSR 10-3.170 Computer Printouts]
[(1) Persons selling computer printouts, computer output on microfilm or microfiche or computer assisted photo compositions are subject to the sales tax on the gross receipts from all such sales when the sales are made to the purchasers after processing data in order for the purchasers to obtain the desired information contained in the tangible personal property sold. When a purchaser's main objective is the acquisition of the information on the printed material itself, the seller is subject to the sales tax. When a purchaser's main objective is to obtain the benefits of the seller's personal skills, the seller is not subject to the sales tax.]
[(2) Example 1: Dogwell Company contracts with Cumpy Corporation for the purchase of mechanically, electrically and electronically rearranged bookkeeping and accounting information. Dogwell Company provides only the source information. Cumpy Corporation is subject to the sales tax on the gross receipts from the sale of the rearranged information returned to Dogwell in a computerized printout format. If Cumpy was required to perform additional non-computerized analysis or evaluation of the computer printout data in order to furnish the desired information to Dogwell, Cumpy would not be subject to the sales tax.]
[(3) Example 2: Punch Manufacturing Company contracts with Cumpy Corporation to instruct its employees in the use of the computer which it owns. Cumpy Corporation transfers instruction cards to Punch for use in employee training. Cumpy is not subject to the sales tax on the sales of training materials to Punch. If the training materials were sold by Cumpy in conjunction with a sale, lease or license of a computer system, Cumpy would be subject to the sales tax.]